UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| CARLETTA BRAGG, | ) | |
| | ) | |
| Plaintiff, | ) | Case: 1:22-cv-05449 |
| | ) | |
| v. | ) | |
| | ) | |
| RUSH UNIVERSITY MEDICAL CENTER, | ) | |
| | ) | |
| Defendant. | ) | Jury Trial Demanded |
| | ) | |

# COMPLAINT

Plaintiff, Carletta Bragg ("Plaintiff"), by and through the undersigned counsel, hereby files this Complaint against Rush University Medical Center ("Defendant"), and in support states as follows:

## NATURE OF PLAINTIFF'S CLAIMS

1. This lawsuit arises under the Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e *et seq*. ("Title VII") for Defendant's religious-based discrimination against Plaintiff and retaliation against Plaintiff in violation of Title VII.

## JURISDICTION AND VENUE

2. Jurisdiction of this Court is invoked pursuant to 28 U.S.C. §1331. This action is authorized and instituted pursuant to the Title VII of the Civil Rights Act of 1964, 42 U.S.C. §2000e-5 *et seq*.

3. Venue of this action properly lies in the Northern District of Illinois, Eastern Division, pursuant to 42 U.S.C. §2000e-5(f)(3) and 28 U.S.C. §1391(b) insofar as Defendant operates and transacts business in this judicial district and the events giving rise to Plaintiff's

claims occurred within this District.

## ADMINISTRATIVE PREREQUISITES

4. All conditions precedent to jurisdiction under § 706 of Title VII, *42 U.S.C. §2000e-5*, have occurred or been complied with.

5. A charge of employment discrimination on basis of religious and retaliation was filed by the Plaintiff with the Equal Employment Opportunity Commission ("EEOC") and Illinois Department of Human Rights ("IDHR"). (Attached hereto as Exhibit "A").

6. Plaintiff received a Notice of Right to Sue from the EEOC (attached hereto as Exhibit "B") and Plaintiff filed this lawsuit within ninety (90) days of their receipt of the EEOC's Notice of Right to Sue.

## PARTIES

7. At all times material to the allegations of this Complaint, Plaintiff resides in Cook County in the State of Illinois.

8. At all times material to the allegations in this Complaint, Defendant, Rush University Medical Center, is a non-profit corporation doing business in and for Cook County whose address is 1620 W. Harrison St. Chicago, IL 60612

9. Plaintiff was employed by Defendant as an "employee" within the meaning of 42 U.S.C §2000e(f).

10. During the applicable limitations period, Defendant has had at least fifteen employees, has been an "employer" as defined by Title VII, and has been engaged in an industry affecting commerce within the meaning of Title VII, 42 U.S.C. § 2000e(b).

## BACKGROUND FACTS

11. Plaintiff worked for Defendant as a phlebotomist in January of 2018.

12. At the beginning of Plaintiff employment, Plaintiff disclosed to Defendant that she was a Jehovah's Witness and requested to be off on Wednesdays for the purpose of attending religious meetings.

13. Instead of engaging in a conversation about my request for religious accommodation, my supervisor ignored my request and began scheduling me on Wednesdays.

14. On or about October 2021, even though Plaintiff told her supervisor that she could not work Wednesdays because of her attendance during religious meetings on those days.

15. Plaintiff filed a complaint citing religious interference on October 26, 2021.

16. In retaliation for seeking religious accommodation, Plaintiff was terminated on the same day she filed her complaint citing religious interference.

17. Plaintiff was also terminated on the basis of her religion.

18. Since at least October 2021 through October 26, 2021, Defendant has subjected Plaintiff to different terms and conditions of employment than others not within her protected class, violating Title VII.

19. Plaintiff met or exceed Defendant's performance expectations during the entire duration of her employment.

20. Plaintiff was retaliated against and her employment was ultimately terminated for opposing unlawful discrimination and for exercising her protected rights.

21. Plaintiff is able to show that she participated in protected activity under Title VII or the IHRA and that Defendant retaliated against her for doing so.

## COUNT I
### Failure to Accommodate a Sincerely Held Religious Beliefs or Practices in Violation of Title VII

22. Plaintiff repeats and re-alleges paragraphs 1-21 as if fully stated herein.

23. By virtue of the conduct alleged herein, Defendant engaged in unlawful employment practices by failing to accommodate Plaintiff's sincerely held religious beliefs or practices in violation of Title VII.

24. Plaintiff hold a sincere religious belief and requested accommodation to practice her religion.

25. Defendant was aware of the religious practice and the need for accommodations.

26. Defendant failed to engage in the interactive process to determine the appropriate accommodations after Plaintiff requested reasonable accommodations.

27. Plaintiff's reasonable accommodations that was requested was not an undue burden on the Defendant.

28. Plaintiff is a member of a protected class under Title VII., due to her sincerely held religious belief.

29. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of other employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT II
### Disability Discrimination in Violation of Title VII

30. Plaintiff repeats and re-alleges paragraphs 1-21 as if fully stated herein.

31. By virtue of the conduct alleged herein, Defendant intentionally discriminated against Plaintiff based on her religion in violation of the Title VII.

32. Defendant terminated Plaintiff's employment on the basis of her religion.

33. Defendant's conduct toward Plaintiff illustrated a willful and/or reckless violation

of the Title VII.

34. Plaintiff is a member of a protected class under the Title VII, due to her religion.

35. As a direct and proximate result of the above-alleged willful and/or reckless acts of Defendant, Plaintiff has suffered damages of a pecuniary and non-pecuniary nature, humiliation, and degradation.

36. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the discrimination described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of her employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life.

## COUNT III
### Retaliation in Violation of 42 U.S.C. § 2000e, *et seq.*

37. Plaintiff repeats and re-alleges paragraphs 1-21 as if fully stated herein.

38. Plaintiff is a member of a protected class under 42 U.S.C. § 2000e, *et seq*.

39. During Plaintiff's employment with Defendant, Plaintiff reasonably complained to Defendant about conduct that constituted unlawful religious-based discrimination As such, Plaintiff engaged in protected conduct and was protected against unlawful retaliation by Defendant under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e, *et seq*.

40. In response to Plaintiff's complaint, Defendant failed to conduct a prompt, thorough and objective investigation of Plaintiff's complaint of religious-based discrimination.

41. Defendant also failed to take necessary precautions to prevent further recurrences of the discriminatory conduct complained of by Plaintiff.

42. By virtue of the foregoing, Defendant retaliated against Plaintiff based on her reporting the religious-based discrimination, thereby violating Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. §2000e, *et seq*.

43. Defendant's retaliatory conduct toward Plaintiff illustrated a willful and/or reckless violation of Title VII.

44. Defendant acted in willful and reckless disregard of Plaintiff's protected rights. As a direct and proximate result of the retaliation described above, Plaintiff has suffered and continues to suffer loss of employment, loss of income, loss of her employment benefits and has suffered and continues to suffer mental anguish, distress, humiliation and loss of enjoyment of life..

## RELIEF REQUESTED

WHEREFORE, Plaintiff demands judgment against Defendant as follows:

a. Back pay and benefits;

b. Interest on back pay and benefits;

c. Front pay and benefits;

d. Compensatory damages for emotional pain and suffering;

e. Pre-judgment and post-judgment interest;

f. Injunctive relief;

g. Liquidated damages;

h. Punitive damages;

i. Reasonable attorney's fees and costs; and

j. For any other relief this Court may deem just and equitable.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests that all issues be submitted to and determined by a jury.

Dated this 5th day of October, 2022.

/s/ *Nathan C. Volheim*
**NATHAN C. VOLHEIM, ESQ.**
SULAIMAN LAW GROUP LTD.
2500 S. Highland Avenue, Suite 200

Lombard, Illinois 60148
Phone (630) 568-3056
Fax (630) 575 - 8188
E-mail: nvolheim@sulaimanlaw.com
*Attorney for Plaintiff*

**/s/** *Chad W. Eisenback*
**CHAD W. EISENBACK, ESQ.**
IL Bar No.: 6340657
**SULAIMAN LAW GROUP LTD.**
2500 S. Highland Avenue, Suite 200
Lombard, Illinois 60148
Phone (331) 307 - 7632
Fax (630) 575 - 8188
ceisenback@sulaimanlaw.com
*Attorney for Plaintiff*

7